Samuel KLUFT, Appellant, v. FEDERAL FIREPROOFING CO., a Corporation, Appellee.

No. 5076.

Court of Appeals of District of Columbia.

Argued April 14, 1931.

Decided May 4, 1931.

E. Hilton Jackson, of Washington, D. C., for appellant.

David L. Riordan, H. Winship Wheatley, Geo. C. Gertman, and P. J. J. Nicolaides, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and GRONER, Associate Justices.

PER CURIAM.

Appeal from a decree in the Supreme Court of the District overruling exceptions to the master's report in a proceeding to enforce mechanics' liens.

Appellee, the Federal Fireproofing Company, contracted to erect a building for appellant within a certain time. Before completion of the building, appellee, for reasons it deemed sufficient, ceased work. It then claimed to be due the sum of $46,900, for which it filed a mechanic's lien. Appellant contended that there was no justification for the abandonment of the contract. The question, among others, was referred to the special master, who found in favor of appellee, and his finding was confirmed by the court. Prior to the report of the special master, appellee's claim, covering "full amount due," was assigned to appellant. It is apparent that on the date of the decree below the parties had effected a compromise, and that therefore the case became moot.

The appeal must be dismissed, with costs.

Dismissed.

W. P. ALLEN, Appellant, v. CITIZENS' BANK & TRUST COMPANY, OF MIDDLES-BORO, KENTUCKY, Appellee.

No. 3064.

Circuit Court of Appeals, Fourth Circuit.

May 1, 1931.

See, also, 43 F.(2d) 549.

S. H. Sutherland, of Clintwood, Va. (S. H. & George C. Sutherland, of Clintwood, Va., on the brief), for appellant.

B. H. Sewell, of Jonesville, Va., and E. M. Fulton, of Wise, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

PER CURIAM.

This was a suit on certain promissory notes. Defendant contended that he had been released from liability thereunder by plaintiff's acceptance under a deed of assignment which he had executed for the benefit of creditors. Plaintiff contended that it had not accepted under the deed of assignment, and that, if what was done be construed as an acceptance thereunder, it was not binding, because made under mistake as to the legal effect of certain instruments. The judge below ruled that plaintiff had not accepted the deed of assignment, and permitted recovery on the notes on condition that plaintiff disclaim any rights under it.

A majority of the court are of opinion that what was done by plaintiff amounted to an election to take under the deed of assignment, but that this election was made as a result of mistake, and that plaintiff, for that reason, is not bound thereby, where, upon acquiring knowledge of its rights, it withdrew its claim made under the deed of assignment. The judgment below will accordingly be affirmed.

Affirmed.